■ J. GILBERT MAURER, Appellant, v. EUGENE HYNES et al., Respondents. — HERLIHY, P. J. Appeal (1) from an order of the Supreme Court at Special Term, entered January 27, 1969 in Saratoga County, which granted a motion by respondents for summary judgment dismissing the complaint, and (2) from the judgment entered thereon. The appellant's complaint alleges that on November 6, 1961 he entered into an option agreement (attached to the complaint) with Albany Sand and Supply Company (Albany Sand) for the purchase of certain real property from Albany Sand and for which agreement he paid a consideration of $500. He further alleged that pursuant to the option agreement and on April 30, 1962 he notified Albany Sand of his election to exercise the option; and that thereafter the respondents Eugene Hynes and Carl Hynes with knowledge of the appellant's option agreement and his exercise of the option received and accepted a deed to the subject real property dated July 10, 1962 "with the purpose and intent * * * to prevent the said

option contract or agreement from being carried out". The respondents moved to dismiss the complaint for failure to state a cause of action or in the alternative for summary judgment dismissing the complaint. Special Term in its opinion did not specify as to whether or not it was granting summary judgment and its order grants the motion of the respondents in its entirety. It appears that the complaint sufficiently states a cause of action against the respondents and upon this appeal the respondents do not contend that the complaint is insufficient. The respondents submitted an affidavit of the defendant Eugene Hynes in support of their motion and this affidavit does not deny actual knowledge of the appellant's option agreement and an exercise of said option. The appellant in opposition to the motion submitted his affidavit wherein he states: "12. That defendant, Hynes, had actual notice of the existence of the option given by your deponent to Mr. Hynes prior to Mr. Hynes' accepting the deed of July 3, 1968, from the defendant, Albany Sand and Supply Company, and executed by the defendant, Theodore W. Dwight." The respondents were not entitled to summary judgment and the order and judgment appealed from must be reversed. Special Term in its opinion indicates that the option agreement by its terms could not be renewed after February 10, 1962. However, immediately after the reference in the agreement to the date of February 10, 1962 the following sentence appears: "It is hereby agreed by the owner to extend the option an additional 90 days for the same terms." Order and judgment reversed, on the law, with costs, and motion denied. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.

